Prepared by State Reporter from Appeal Papers

JENNIE L. CANFIELD, Appellant, *v.* ELMER E. HARRIS & Co., Respondent.

*Landlord and tenant — action for rent — whether tenant holds over by leaving property on premises after expiration of lease.*

Canfield v. Harris & Co., 222 App. Div. 326, affirmed.

(Argued April 5, 1928; decided May 1, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 30, 1927, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and granting a new trial. The action was for rent and was brought on the theory that defendant became liable by holding over after expiration of its lease. The Appellate Division held that whether defendant became liable to pay rent for another year by leaving property on the premises presented a question of fact which should have been submitted to the jury.

*H. B. Butterfield* for appellant.

*Henry Adsit Bull* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

*Contract — contribution — railroads — telegraph company — action on written agreement to compel contribution to wages of workmen employed in maintenance of telegraph lines along railroad right of way.*

N. Y. C. R. R. Co. v. W. U. Tel. Co., 222 App. Div. 739, affirmed.

(Argued April 6, 1928; decided May 1, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered December 30, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was on contract to recover contribution by defendant, in the proportion provided for in a written agreement, for wages paid by plaintiff to workmen employed in maintenance of telegraph lines along the railroad right of way. The answer raised the issue whether plaintiff could increase the wages of such workmen without the defendant's consent and compel contribution to the increased amounts expended in the same percentage.

*Chester B. McLaughlin* and *Francis R. Stark* for appellant.

*Jacob Aronson, Leo Manville, Robert J Cary* and *Alexander S. Lyman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Not sitting: O'BRIEN, J.

---

JACOB ADRIAANSEN, Appellant, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN OF MARION, Respondent.

*Schools — tax — assessment — consolidation of school districts — liability of taxpayer in one of annexed districts to assessment for payment of indebtedness voted in district to which his was annexed before consolidation.*

*Adriaansen v. Board of Education,* 222 App. Div. 320, affirmed.

(Argued April 6, 1928; decided May 1, 1928.)

APPEAL from a judgment, entered January 7, 1928, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. By order of a District Superintendent of Schools seven school districts in Wayne county were consolidated with Union Free School District